IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Leroy Erwin,<br>*formerly SCDC ID # 051231*,<br>*a.k.a. Ralph L. Erwin,*<br><br>      Plaintiff,<br><br>vs.<br><br>SC Probation, Parole and Pardon Services; and State of South Carolina,<br><br>      Defendants.<br>_____ | C/A No.  6:12-3457-RBH-KFM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by a *pro se* litigant.  Plaintiff, a state parolee, is proceeding *in forma pauperis*.  The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. The Complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a

meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Plaintiff files this action pursuant to 42 U.S.C. § 1983,[1] seeking $10,000,000.00 in actual damages, punitive damages, and a refund of "monies he has been paying since being on parole." ECF No. 1, p. 6. Plaintiff alleges that on March 25, 1961, in York County Circuit Court, he pleaded guilty to a charge of murder and was sentenced to life imprisonment. Plaintiff alleges that, in 1961, a life sentence carried a maximum penalty of 30 years, because 30 years was "the most time that a person was considered to serve" under the laws in effect at the time. ECF No. 1, p. 3-4. Plaintiff alleges that, when he was sentenced, he became eligible for parole after serving ten years, or one third of his "original sentence." Plaintiff alleges that he was paroled twice, first in 1971 and again in 1982, and had his parole revoked each time. *Id.*[2] Plaintiff alleges that when he received his life

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

[2] The undersigned takes judicial notice of Plaintiff's prior unsuccessful habeas corpus proceedings in this district court, wherein it was established, in *Erwin v. State of South Carolina*, C/A No. 6:07-959-RBH-WMC (D.S.C. 2008), that, after serving approximately ten years of his sentence, Plaintiff was granted parole on June 17, 1971, but this parole was revoked on August 20, 1975. After serving an additional prison term of more than six years, Plaintiff was again granted parole on January 20, 1982, but was declared an absconder on January 12, 1983. Plaintiff's parole was again revoked on July 24, 1985 and Plaintiff served an additional 22 years in prison until he was once again paroled in March 2007. *See* C/A No. 07-959, ECF No. 21, p. 1-5. Thus, it appears that Plaintiff may have served a total of more than 38 years in prison, due to his multiple parole violations and revocations and, as he alleges, he currently remains on parole. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files and records).

3

sentence "it was not classified as a felony." ECF No. 1, p. 5. Plaintiff alleges that after each parole revocation he was returned to prison to serve this same life sentence, which "in 2012 the Plaintiff is still serving." *Id.* Plaintiff alleges that Defendants have shown "recklessness and actual intent in this case" by holding Plaintiff "in confinement for so long that he was unable to earn enough work credits to draw Social Security and is unable to work at this time." *Id.* Plaintiff alleges that Defendants have violated his Eighth and Fourteenth Amendment rights and subjected him to cruel and unusual punishment by "making his sentence greater in punishment than it was when the crime was committed." *Id.*

## DISCUSSION

The State of South Carolina and its agency the South Carolina Department of Probation, Parole, and Pardon Services are immune from any suit brought in this Court by Plaintiff in which he seeks monetary damages from these Defendants. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI.[3] Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also*

---

[3] Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, *i.e.* protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.

*Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances."). Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66; *see also Quern v. Jordan*, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

Although a State may waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C. Code Ann. § 15-78-20(e). Any claim of negligence against the State is similarly barred from adjudication in this Court. *See Id.* ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal Court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Accordingly, Plaintiff's claim for damages against the State of South Carolina and the South Carolina Department of Probation, Parole, and Pardon Services fails as a matter of law because Plaintiff is seeking monetary relief against Defendants who are

immune from such relief in this Court.  Thus,  pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), this Court should dismiss the instant case based on lack of subject matter jurisdiction.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the instant Complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

January 29, 2013                                                s/ Kevin F. McDonald
Greenville, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).