IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ralph Leroy Erwin, ) | Civil Action No.: 6:12-cv-03457-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Probation, Parole and ) | |
| Pardon Services; and State of South ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Ralph Leroy Ervin, proceeding *pro* se, filed this action against the State of South Carolina and the South Carolina Department of Probation, Parole and Pardon Services, seeking actual and punitive damages in excess of $10,000,000 for failing to terminate his parole. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] In the R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against Defendants *without prejudice* and without service of process.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff files this action against Defendants pursuant to 42 U.S.C. § 1983, seeking $10,000,000.00 in actual damages, punitive damages, and a refund of "monies he has been paying since being on parole." The Magistrate Judge thoroughly details the facts in his R&R; however,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff complains that, considering his prison sentence and parole, he has served a longer punishment than is permitted by law. Compl., ECF No. 1. The Magistrate Judge issued his R&R on January 29, 2013, R&R, ECF No. 11, and Plaintiff filed timely objections to the R&R on February 8, 2013, Pl.'s Objs., ECF No. 13.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends summarily dismissing Plaintiff's complaint on the basis that Defendants, a state and one of its agencies, are immune under the Eleventh Amendment in suits for damages. R&R 5-6. Plaintiff summarizes his objections to the R&R as follows:

1. The Plaintiff['s] claim[s] have merit and warrant[] a hearing.

2. The Defendants acted in bad faith, actual intent and recklessness.

3. The Plaintiff stated a cause of action under 42 U.S.C.A. [§] 1983.

Pl.'s Objs. 1.

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

Here, the only argument of Plaintiff that can remotely be construed as a specific objection to the Magistrate Judge's recommendation is a statement by Plaintiff that the Eighth and Fourteenth amendments "allow the Plaintiff to sue for monetary damages" under § 1983. Memo. to Pl.'s Objs. 6, ECF No. 13-1. Plaintiff, however, is barred from receiving damages from the State of South Carolina and its agencies due to the Eleventh Amendment, and there is no indication that South Carolina has waived its sovereign immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred

by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."). Therefore, the Court finds no error in the Magistrate Judge's recommendation, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 12, 2013
Florence, South Carolina